RECEIVED IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

2005 OCT 13 P 3: 46

LAVANDA CALHOUN,                          *

DEBRA P. HACKETT, CLK     Plaintiff,      *
U.S. DISTRICT COURT                       *
MIDDLE DISTRICT ALA                       *

vs.                                       *        CIVIL ACTION NO.: 1:05-CV-921-F
                                          *
PROGRESSIVE CASUALTY                      *
INSURANCE COMPANY,                        *
                                          *
      Defendant.                          *

## ANSWER

COMES NOW the Defendant named in the Complaint as Progressive Casualty Insurance Company, by and through the undersigned attorney, and for answer to the Complaint says as follows:

1.    This Defendant affirmatively avers that Progressive Casualty Insurance Company is not the correct identity of the uninsured or underinsured motorist carrier in this case, and Progressive Casualty Insurance Company is due to be dismissed accordingly. To the information available to the undersigned attorney, the correct name of the uninsured or underinsured motorist carrier in this case is Progressive Specialty Insurance Company.

2.    This Defendant does not dispute paragraphs 1 - 4 of the Complaint, and admits proper jurisdiction of this Court, with the exception of the legal identity of the insurance carrier as referenced above.

3.    This Defendant admits paragraph 5 of the Complaint.

4.    This Defendant denies paragraph 6 of the Complaint.

5.    This Defendant denies paragraph 7 of the Complaint.

6.    This Defendant denies paragraph 8 of the Complaint.

7.    This Defendant admits paragraph 9 of the Complaint, and asserts that it is entitled to a set-off for the full amount against damages in this case, to be applied post-trial as per applicable procedure.

8.    This Defendant denies paragraph 10 of the Complaint, based upon the identity of the uninsured or underinsured motorist carrier as referenced above.

9.    This Defendant admits paragraph 11 of the Complaint.

10.    This Defendant denies all material allegations of paragraph 12 of the Complaint and demands strict proof thereof.

11.    This Defendant denies all material allegations seeking relief in the Complaint and demands strict proof thereof.

12.    This Defendant affirmatively avers that any liability against it is restricted and limited by the terms and conditions of any applicable insurance policy, and this Defendant hereby pleads the entirety of all such restrictions and limitations, including but not limited to monetary limitations upon recovery, as if set forth in full herein.

13.    This Defendant affirmatively avers set-off for all liability insurance proceeds available to the tortfeasor or received by the Plaintiff in this case as allowed by law.

14.    This Defendant affirmatively avers set-off for all monies received by or available to the Plaintiff as a direct or indirect result of the accident in question.

15.    This Defendant affirmatively avers collateral sources applicable to this claim.

16.  This Defendant affirmatively avers lack of causal relationship between this accident and all or part of the damages being claimed in this case.

17.  This Defendant affirmatively requests that the monetary amount of the liability insurance proceeds available in this case be applied as a post-trial set-off, not stated to the jury, as per applicable procedure.

18.  This Defendant pleads the general issue.

_____
ALEX L. HOLTSFORD, JR.  (HOLO48)
Attorney For Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Office Number:     (334) 215-8585
Fax Number:        (334) 215-7101

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Rufus R. Smith, Jr.
Attorney For Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302

This the _13th_ day of October, 2005.

_____
OF COUNSEL