IN THE UNTIED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAVANDA CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No.: 1:05-cv-921-F |
| ) | |
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW the Plaintiff in the above styled cause and submits this as her trial brief in this cause.

### STATEMENT OF THE FACTS

On May 16, 2003, Plaintiff, Lavanda Calhoun, was operating a 2004 Ford Explorer on the Ross Clark Circle at or near the intersection of South Oates Street in Dothan, Houston County, Alabama. The Ross Clark Circle and South Oates Street are public highways in Houston County, Alabama.

At said time and place the Plaintiff, Lavanda Calhoun, was seriously injured when the vehicle she was operating was struck by a vehicle being operated by Matthew Justin Downing; who so negligently operated his vehicle

1

so as to cause or allow it to run into, upon or against the vehicle being operated by the Plaintiff, Lavanda Calhoun, and such negligent conduct of Matthew Justin Downing was a proximate cause of the Plaintiff's injuries and damages hereinafter described.

On May 16, 2003, Matthew Justin Downing, was insured with an automobile liability insurance policy issued by Alfa Insurance Company. The sum of the policy limits of the liability insurance policy issued to Matthew Justin Downing by Alfa Insurance Company was less than the damages which the Plaintiff, Lavanda Calhoun, is legally entitled to recover.

On May 16, 2003, Matthew Justin Downing was operating an uninsured motor vehicle as that term is defined by §32-7-23(b)(4) of the *Code of Alabama (1975)*.

On April 28, 2005, Matthew Justin Downing's automobile liability insurance carrier, Alfa Insurance Company, paid to the Plaintiff the policy limits available under Matthew Justin Downing's automobile liability insurance policy in the amount of $50,000.00.

On May 16, 2003, Plaintiff, Lavanda Calhoun, was insured by automobile liability insurance policies issued by the Defendant, Progressive Casualty Insurance Company. Said policies of insurance provided coverage for uninsured motorist benefits as that term is defined by §32-7-23 of the *Code of Alabama (1975)*. These policies of insurance were in full force and effect at all

times alleged in the Plaintiff's Complaint and under the provisions of said policies of liability insurance the Plaintiff, Lavanda Calhoun, was an insured.

Pursuant to §32-7-23 of the *Code of Alabama (1975 as amended)* and the terms of said policies of insurance the Defendant, Progressive Specialty Insurance Company, among other things, agreed to pay all sums not to exceed its policy limits which the insured is legally entitled to recover as damages in any automobile accident caused by the negligence and/or wantonness of the operator of an uninsured motor vehicle.

The Plaintiff, Lavanda Calhoun, accepted Alfa Insurance Company's policy limits pursuant to the terms and provisions set forth in *Lambert v. State Farm Mutual Automobile Insurance Company*, 576 So.2d 160, (Ala.1991).

As a result of the accident at issue, the Plaintiff suffered the following injuries and damages; to-wit:

> Plaintiff, Lavanda Calhoun, suffered pain in her neck, upper back and low back, as well as headaches. Plaintiff suffered an L5-S1 left lateral protruding disc; and was required to undergo an L5-S1 laminotomy and diskectomy. Plaintiff sustained serious and severe injuries to her body. Plaintiff was caused to undergo doctor, chiropractic, hospital and surgical treatment in and about an effort to cure her injuries and damages; and as a result of her injuries will be caused to undergo doctor, hospital and medical treatment in the future. She has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future. She has sustained a 10% permanent disability and impairment to her body as a result of her injuries. She has been disfigured. She has been caused to expend great sums of money for doctor, hospital, chiropractic, drug and physical therapy treatment.

3

The Plaintiff, Lavanda Calhoun, seeks compensatory damages for the serious and severe injuries that she suffered as a result of the accident at issue; for the 10% permanent impairment to her body as a whole that she suffered as a result of said injuries; for medical bills, past and future [including the amount claimed by BlueCross BlueShield of Alabama by way of subrogation]; for pain and suffering, past and future and for mental anguish, past and future.

## APPLICABLE LAW

Uninsured and underinsured motorist benefits are mandated by §32-7-23, *Alabama Code (1975)*. The purpose of the statue is to provide coverage for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of motor vehicles.[1] As noted in *Champion Insurance Co. v. Denney,*[2] it is the purpose of the Uninsured Motorist Act, and thus the public policy of the state, that Alabama citizens purchasing automobile liability insurance are to be able to obtain, for an additional premium, the same protection against injury or death at the hands of an uninsured motorist as they would have had if the uninsured motorist had

---

[1] Auto-Owners Ins. Co. v. Hudson, 547 So.2d 476 (Ala.1989). *See generally* the excellent discussion in B. Allen, Alabama Liability Insurance Handbook Ch. 21 (Michie Co. 1996); R. Davenport, Alabama Automobile Insurance Law Ch. 18-21 (2d ed. 1996); Watts, *Uninsured Motorist Coverage Exclusions: A Chronicle of the Alabama Decisions*, 20 Cumb. L. Rev. 267 (1990). Davenport, *Underinsured Motorist Coverage; Where Did It Come From? Where is It Going?*, 49 Ala. Law. 284 (Sept. 1988). For a discussion of bad faith issues in uninsured motorist coverage cases, see §21.1.

[2] 555 So.2d 137(Ala. 1989)

obtained the minimum liability coverage required by the Motor Vehicle Safety Responsibility Act.

The core of uninsured/underinsured motorist obligations in Alabama appears in §32-7-23:

> (a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
> (b)   The term "uninsured motor vehicle" shall include, but is not limited to, motor vehicles with respect to which:
>    (1)   Neither the owner nor the operator carries bodily injury liability insurance;
>    (2)   Any applicable policy liability limits for bodily injury are below the minimum required under section 32-7-6;
>    (3)   The insurer becomes insolvent after the policy is issued so there is no insurance applicable to, or at the time of, the accident; and
>    (4)   The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages that the injured person is legally entitled to recover.
> (c)   The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be

provided for additional vehicles, but not to exceed two additional coverages with such contract.

It is the rule in Alabama that where uninsured/underinsured motorist insurance coverage is involved, the insurer stands in the shoes of the tortfeasor with regard to liability and damages in each case. This is made clear by the Alabama Supreme Court's ruling in *State Farm Automobile Ins. Co. v. Baldwin. 470 So.2d 1230 (Ala. 1985)*, where the Court states:

> One must, then, make a determination as to what the word, "legally entitled to recover damages," means. They mean that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for the damage to the insured, and the amount of this liability. Note that the insurer would have available, in addition to policy defenses, the substantive defenses that would have been available to the uninsured motorist. *State Farm Mutual Automobile Ins. Co. v. Griffin, 286 So.2d 302, 306 (Ala.Civ.App. 1973). 470 So.2d at 1233*.

The reasoning expressed by the Court of Civil Appeals in *Griffin*, cited in the above quote from *Baldwin*, was later adopted by the Court in *Quick v. State Farm Automobile Ins. Co., 439 So.2d 1033, 1034 (Ala.1983)*. Further, in *Harvey v. Mitchell, 552 So.2d 771, 773 (Ala.1988)* the Alabama Supreme Court states:

> The purpose of uninsured motorist coverage is to allow the insured…to recover the amount of the jury verdict even if the tortfeasor does not have insurance coverage in that amount. In an action in which the uninsured motorist coverage is involved, the Plaintiff must show that he is legally entitled to recover damages against the uninsured motorist. This showing includes: (1) establishing fault on the part of the uninsured

6

motorist; and (2) proving the extent of the damages. *State Farm Automobile Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985).*

It should be noted that in *Harvey* the Court found that the correct rule was that the policy limits of the policy of automobile insurance at issue should not be disclosed to the jury. *Harvey, at 722-773*.

Based on the foregoing, the insurer, Progressive Specialty Insurance Company, with regard to uninsured/underinsured motorist coverage stands in the shoes of the tortfeasor, Matthew Justin Downing, and is liable for any and all damages which the insured can prove she is legally entitled to recover from the tortfeasor up to the insurer's policy limits.

In order to recover against the insurer under an uninsured/underinsured motorist policy, the insured must prove that she is entitled to recover damages from the tortfeasor in order to recover from the insurer. In fact, as noted above, the insured is not allowed to present evidence to the jury showing the amount of the policy limits under the insurance policy making him or her an insured. The contract basically has no bearing on what the insured can collect other than with regard to the policy limits and the policy limits are only pertinent after damages recoverable from the tortfeasor have been awarded.

All other matters are a matter of proof concerning the liability of the tortfeasor and the extent of the damages suffered by the insured.

RESPECTFULLY SUBMITTED.

        /s/ Rufus R. Smith, Jr., Esq.
        Rufus R. Smith, Jr. & Associates
        Post Office Drawer 6629
        Dothan, Alabama 36302-6629
        F: (334) 671-7957
        T: (334) 671-7959
        Attorney for Plaintiff,
        Lavanda Calhoun

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 21st day of August, 2006.

Alex L. Holtsford, Jr.
Nix, Holtsford Gilliland,
Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Attorney for Defendant

        /s/ Rufus R. Smith, Jr., Esq.
        Rufus R. Smith, Jr.