IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| LAVANDA CALHOUN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.: 1:05-CV-921-F |
| | * | |
| PROGRESSIVE CASUALTY | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

## OBJECTION TO EXHIBIT OF PLAINTIFF

COMES NOW Defendant and objects to the proposed exhibit number two of the Plaintiff, specifically any evidence of either liability insurance coverage or payments and/or the amount of potential underinsured motorist coverage, on the following grounds:

1. This is a lawsuit which seeks underinsured motorist benefits from Progressive Specialty Insurance Company. By contract and by law, as well as stipulation between the parties, Progressive Specialty Insurance Company does not have liability unless and until damages are proven in excess of the liability insurance coverage applicable to the Plaintiff. In this case, liability insurance coverage was $50,000.00.

2. Alabama law states that the Court and the parties should take the $50,000.00 payment as a post-trial set off. In other words, Defendant has elected that the jury shall not be advised about the exact amount of the liability insurance proceeds. Rather, the jury should determine solely the amount of money necessary to compensate the Plaintiff for her injuries. After the jury verdict is rendered, the Court should deduct $50,000.00 from the amount rendered by the jury to be the

monetary damages applicable in this case. See, Guess v. Allstate Insurance Company, 717 So.2d 389 (Ala.Civ.App. 1998); State Farm Mutual Automobile Insurance Company v. Scott, 707 So.2d 238 (Ala.Civ.App. 1997). The Defendant has the right to insist on a post-trial set-off only. Morris v. Laster, 821 So.2d 923, 930-31 (Ala. 2001).

3. Under Alabama law, the parties should never be able to advise the jury about the amount of the liability coverage or the amount of underinsured motorist coverage. Preferred Risk Mutual Insurance Company v. Ryan, 589 So.2d 165 (Ala. 1991); Harvey v. Mitchell, 522 So.2d 771 (Ala. 1988); Lowery v. Ward, 662 So.2d 224 (Ala. 1995); Cook v. Anderson, 512 So.2d 1310 (Ala. 1987).

4. Plaintiff has proposed that the liability insurance check from Alfa be an exhibit at trial. Defendant does not object to the exhibit being a post-trial exhibit for the Court to utilize in the post-trial set off, but Defendant does object to the check from the liability insurance carrier being utilized as an exhibit to the jury, as the check would improperly advise the jury about the amount of the liability payment already made. There should be no mention of the amount of either liability or underinsured motorist coverage to the jury.

WHEREFORE, Defendant objects to the use of "the settlement check from Alfa Insurance Company" to the Plaintiff in the amount of $50,000.00 as an exhibit at trial, and any other evidence regarding coverage amounts.

_____
ALEX L. HOLTSFORD, JR. (HOLO48)
Attorney For Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND
  HIGGINS & HITSON, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Office Number:    (334) 215-8585
Fax Number:       (334) 215-7101

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Rufus R. Smith, Jr.
Attorney For Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302

This the __6__ day of September, 2006.

_____
OF COUNSEL