IN THE UNTIED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAVANDA CALHOUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Case No.: 1:05-cv-921-F |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

**COMES NOW** the Plaintiff in the above styled cause, Lavanda Calhoun, by and through her attorney of record and objects to Defendant's Exhibits 1 and 2 upon the following grounds; to-wit:

1. This is a lawsuit which seeks uninsured motorist benefits from the Defendant, Progressive Specialty Insurance Company.

2. The Plaintiff has entered into a pro tanto settlement with the tortfeasor and his liability insurance carrier [Alfa Insurance Company] for their policy limits of $50,000.00.

3. Under Alabama law the Defendant has the right to elect whether or not to inform the jury of the pro tanto settlement. The

1

Defendant has elected that the jury shall not be advised as to the pro tanto settlement. By exercising said election, after the jury verdict is rendered, the Court shall deduct the amount of the pro tanto settlement [$50,000.00] from the amount of the verdict rendered by the jury.

4. Objection is made by the Plaintiff to Defendant's Exhibit 1 [any and all pleadings, including the Complaint filed by the Plaintiff] to the extent that the Defendant seeks to actually introduce into evidence the pleadings. The pleadings in this case contain specific allegations as to the tortfeasor, Matthew Justin Downing, his liability insurance carrier, Alfa Insurance Company and the amount paid by Alfa Insurance Company. The pleadings are not admissible as exhibits into evidence under the *Federal Rules of Evidence* and the attempted admission of the same in this case would negate the Defendant's election and the stipulation between the parties.

5. Objection is made by the Plaintiff to this Defendant's Exhibit 2 to the extent that the Defendant seeks to actually introduce into evidence as exhibits the Plaintiff's Answers to Interrogatories propounded by the Defendant and the Plaintiff's Responses to

the Defendant's Request for Production of Documents. The same are not admissible as exhibits into evidence under the *Federal Rules of Evidence*.

/s/ Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 14th day of September, 2006.

Alex L. Holtsford, Jr.
Nix, Holtsford Gilliland,
Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Attorney for Defendant

/s/ Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr.
Attorney for Plaintiff