IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

LAVANDA CALHOUN,                    *
                                    *
          Plaintiff,                *
                                    *
vs.                                 *        CIVIL ACTION NO.: 1:05-CV-921-F
                                    *
PROGRESSIVE SPECIALTY              *
INSURANCE COMPANY,                  *
                                    *
          Defendant.                *

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW Defendant Progressive Specialty Insurance Company, by and through the undersigned counsel, and respectfully requests the Court to give the attached jury instructions, numbered 1 through 22.

This Defendant reserves the right to amend and supplement his jury charges to conform with the evidence and Plaintiff's causes of action and legal theories proffered in the trial of this case.


                              /s/ Alex L. Holtsford, Jr
                              ALEX  L. HOLTSFORD, JR.  (HOL048)
                              Counsel for Defendant Progressive Specialty
                              Insurance Company

Of Counsel:

*Nix Holtsford Gilliland Higgins & Hitson P. C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

-1-

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this day hand delivered, or mailed, postage prepaid, an exact copy of the foregoing document to


Rufus R. Smith, Jr.
Attorney For Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302


on the 15th day of September, 2006.


                  /s/ Alex L. Holtsford, Jr
                  OF COUNSEL

## REQUESTED JURY CHARGE NUMBER 1

Now, in saying that you must **consider** all of the evidence, I do not mean that you must **accept** all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions.  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

(11th Circuit JI 3.0)


_____GIVEN  _____REFUSED

## REQUESTED JURY CHARGE NUMBER 2

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence–that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

(11th Circuit JI 2.1)


_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 3

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time, the witness said or did something, or failed to say or do something which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it was to do with an important fact or with only an unimportant detail.

(11th Circuit JI 4.1)

_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 4

In this case, it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

(11th Circuit JI 6.1)


_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 5

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said-or what I may say in these instructions-about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider the answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more

-7-

credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

(11th Circuit JI 71-3)

_____ GIVEN                _____ REFUSED

## REQUESTED JURY CHARGE NUMBER 6

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

(11TH Circuit JI 71-4)


_____ GIVEN                    _____ REFUSED

## REQUESTED JURY CHARGE NUMBER 7

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

(11th Circuit JI 71-10)


_____ GIVEN             _____ REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 8</u>

In this case, the Defendant is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All persons are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would vie any other individual party.

(11th Circuit JI 72-1)


_____ GIVEN                _____ REFUSED

## **REQUESTED JURY CHARGE NUMBER 9**

This is a civil case and as such the Plaintiff has the burden of proving the material allegations of her complaint (e.g. by a fair preponderance of the evidence).

If after considering all of the testimony, you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you find for the defendant.

(11th Circuit JI 73-1)


_____ GIVEN                         _____ REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 10</u>

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

(11th Circuit JI 74-14)

_____ GIVEN            _____ REFUSED

-13-

## REQUESTED JURY CHARGE NUMBER 11

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear,

and know the things about which he testified, the accuracy of his memory, his candor of lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency of lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

(11th Circuit JI 76-1)

_____GIVEN          _____REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 12</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

(11th Circuit JI 76-2)


_____GIVEN          _____REFUSED

## **REQUESTED JURY CHARGE NUMBER 13**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, what it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

(11th Circuit JI 76-3)


_____GIVEN                  _____REFUSED


_____

## <u>REQUESTED JURY CHARGE NUMBER 14</u>

The plaintiff, Lavanda Calhoun, alleges that Matthew Justin Downing was negligent in this case.  Negligence is the failure to discharge or perform a legal duty owed to the other party.

(APJI 28.00)


_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 15

Negligence means the failure to exercise reasonable care;  that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

(APJI 28.01)


_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 16

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would have not occurred.

(APJI 33.00)


_____GIVEN          _____REFUSED

## REQUESTED JURY CHARGE NUMBER 17

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills that the plaintiff has paid or become obligated to pay. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

(APJI 11.09)

_____GIVEN        _____REFUSED

## REQUESTED JURY CHARGE NUMBER 18

If you decide to award damages in this case, your verdict must not be based on mere speculation or conjecture, but must be based upon the evidence and the just and reasonable inferences shown thereby.

(APJI 11.22)


_____GIVEN        _____REFUSED

## **REQUESTED JURY CHARGE NUMBER 19**

Under Alabama law, the party claiming the damages, in this case, the plaintiff, has the burden of proof to establish by competent evidence the existence of any entitlement to damages and the amount of those damages.

*Marcus v. Lindsey*, 592 So. 2d 1045 (Ala. 1992).


If the plaintiff fails to meet this burden to your reasonable satisfaction, you are not allowed to supply the omission by speculation.

*Continental VW v. Soutullo*, 309 So. 2d 119 (Ala. 1975).


_____GIVEN        _____REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 20</u>

Damages can be awarded only where they are reasonably certain and not based on speculation.

*Industrial Chemical v. Chandler*, 547 So. 2d 812 (Ala. 1988).

The existence of damages, the cause of damages, or the amount of damages cannot rest solely on speculation.

*Crommelin v. Montgomery Ind. Telecasters*, 194 So. 2d 548 (Ala. 1967).

_____GIVEN          _____REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 21</u>

_____The burden is upon the Plaintiff to prove that he was injured or damaged as a direct result of the Justin Matthew Downing's actions.  The law in Alabama states that the Progressive Specialty Insurance Company is not liable simply because medical expenses were incurred.  The Plaintiff must prove that the medical expenses were the result of the accident and further, that the medical expenses were necessary and reasonable; you are not obligated to compensate for medical expenses simply because they were incurred.  *Sizemore v. Patel*, 702 So. 2d 172 (Ala. Civ. App. 1997); *Bennich v. Kroger Co.*, 686 So. 2d 1256 (Ala. Civ. App. 1996).


_____GIVEN          _____REFUSED

## <u>REQUESTED JURY CHARGE NUMBER 22</u>

In this case, there is contradicted medical evidence concerning causation of various claimed physical problems.  The Plaintiff must prove to your reasonable satisfaction that the present physical problems occurred as a result of the automobile accident in question, or she is not entitled to recover those claimed damages.  You must find that the claimed condition was caused by the accident to a reasonable degree of medical probability, or you cannot award those damages.  Evidence that a certain condition might have been caused by the accident, which is merely a possibility, is not sufficient.  The Plaintiff must have proven a probability of causation, as opposed to a possibility of causation.  *Clements v. Colonial Baking Co.*, 547 So.2d 858 (Ala. 1989);  *Armour v. Cartledge*, 176 So.2d 334 (Ala. 1937); *Johnson v. Knight*, 459 F.Supp. 962, 969 (N.D. Miss. 1978) (applying Alabama law.)

_____ GIVEN          _____ REFUSED