IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| LAVANDA CALHOUN, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.: 1:05-CV-921-F |
| | * | |
| PROGRESSIVE SPECIALTY | * | |
| INSURANCE COMPANY, | * | |
| | * | |
|     Defendant. | * | |

# DEFENDANT PROGRESSIVE SPECIALTY INSURANCE COMPANY'S MOTION IN LIMINE

COMES NOW Defendant Progressive Specialty Insurance Company, by and through the undersigned counsel of record, and respectfully moves this Honorable Court for an Order in Limine to prohibit evidence, argument, or mention of the following items:

    1.    <u>Liability Insurance or Uninsured Motorist Coverage.</u>  During the course of trial, Plaintiff, Plaintiff's attorney, or Plaintiff's witnesses could refer to Matthew Justin Downing's liability insurance coverage for the action made the basis of this suit.  The mere fact of Matthew Justin Downing's insurance is highly and unfairly prejudicial to the Defendant and inadmissible pursuant to Rule 411, *Federal Rules of Evidence*.  Matthew Justin Downing's insurance coverage or the payment of it by Alfa is immaterial and irrelevant to any issues to be determined by the jury in this case.  Accordingly, the Defendant requests the Court enter an Order in Limine prohibiting mention by the Plaintiff, Plaintiff's

attorney, or Plaintiff's witnesses of any insurance coverage, insurance policy, agent, adjuster, representative, or any matter whatsoever regarding insurance coverage.

Likewise, under Alabama law, the parties should never be able to advise the jury about the amount of underinsured motorist coverage. *Preferred Risk Mutual Insurance Company v. Ryan*, 589 So.2d 165 (Ala. 1991); *Harvey v. Mitchell*, 522 So.2d 771 (Ala. 1988); *Lowery v. Ward*, 662 So.2d 224 (Ala. 1995); *Cook v. Anderson*, 512 So.2d 1310 (Ala. 1987). Plaintiff should be ordered to refrain from any mention about the amount of underinsured motorist coverage, how much she has paid for such coverage, or how long she has had coverage with Defendant Progressive Specialty Insurance Company.

2.   Medical Treatment Absent Expert Testimony.  Plaintiff may attempt to refer to, or use, medical treatment, medical treatment records, or alleged medical conditions and medical bills that lack a proper foundation for admission and would not be admissible because they have not been testified to by competent medical testimony that Plaintiff's treatment was medically necessary or that Plaintiff's treatment was directly related to injuries sustained in the incident complained of. Such expert testimony is required for introduction or admissibility. *Sweet v. Foust*, 419 So. 2d 260 (Ala. Civ. App. 1982). Therefore, the Defendant requests the Court enter an Order in Limine prohibiting mention or use by the Plaintiff's, Plaintiff's attorney, or Plaintiff's witnesses of any medical treatment, medical treatment records, and medical bills for which a proper evidentiary foundation has not been made, as evidence of the Defendant's negligence or liability, as evidence of Plaintiff's damages, or for any other purpose.

/n

3. <u>Medical Bills Absent Expert Testimony.</u>  Plaintiff may attempt to refer to, or use, medical treatment records and medical bills, that have not been properly authenticated by competent testimony or tangible evidence and without testimony that said medical expenses were reasonable.  The law requires expert testimony to support medical bills being introduced into evidence.  *Sweet v. Foust*, 419 So. 2d 260 (Ala. Civ. App. 1982).  Therefore, the Defendant requests the Court enter an Order in Limine prohibiting mention or use by the Plaintiff, Plaintiff's attorney, or Plaintiff's witnesses of any medical treatment records and medical bills which have not been authenticated and shown to be reasonable, as evidence of the Defendant's negligence or liability, as evidence of Plaintiff's damages, or for any other purpose.

4. <u>Evidence of Lost Income.</u>  Although initially requested in the Complaint, Plaintiff has admitted that she has no lost income from this accident.  In her deposition, she stated that she was paid for the entire time she missed work. (See deposition of Plaintiff pgs. 46-47).  She admitted she lost no income.  Therefore, the Defendant requests the Court enter an Order in Limine prohibiting mention by the Plaintiff, the Plaintiff's attorney or Plaintiff's witnesses of any claims of lost income.

5. Therefore, the proper measure to prevent unfairly influencing the jury with these matters is an Order in Limine ordering the Plaintiff, Plaintiff's attorney, and Plaintiff witnesses to refrain from any mention of the matters discussed in Paragraphs 1 through 4, *supra*, and to refrain from attempting to use or introduce any physical evidence concerning any of the matters discussed in Paragraphs 1 through 4, *supra*.

6.  To the extent that any exhibit listed by the Plaintiff, or subsequently proffered as evidence or for demonstrative purposes, is inadmissible on the grounds set forth in this motion in limine, the Defendant objects to its use or mention by the Plaintiff, Plaintiff's attorney, or Plaintiff's witnesses in the trial of this matter.

WHEREFORE, premises considered, Defendant Progressive Specialty Insurance Company respectfully prays this Honorable Court grant this motion for an Order in Limine.

    /s/ Alex L. Holtsford, Jr
ALEX L. HOLTSFORD, JR. (HOL048)
Counsel for Progressive Specialty Insurance Company

Of Counsel:

*Nix Holtsford Gilliland Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103
(334) 215-8585

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to

Rufus R. Smith, Jr.
Attorney For Plaintiff
Post Office Drawer 6629
Dothan, Alabama 36302

on this the 15th day of September, 2006.

                                       /s/ Alex L. Holtsford, Jr
                                       OF COUNSEL