IN THE UNTIED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAVANDA CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No.: 1:05-cv-921-F |
| ) | |
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE**

**COMES NOW** the Plaintiff in the above styled cause and in response to the Defendant's Motion in Limine says as follows; to-wit:

1. **Liability insurance or uninsured motorist coverage.** Plaintiff agrees that the fact that the tortfeasor, Matthew Justin Downing, was covered by liability insurance coverage at the time of the accident made the basis of Plaintiff's claim is inadmissible in this case in light of the Defendant's election not to inform the jury that the Plaintiff has settled with the tortfeasor.

Plaintiff further agrees that the jury can not be informed of the amount of uninsured motorist insurance coverage, or how much the Plaintiff has paid for

such coverage or how long the Plaintiff has had uninsured motorist coverage with the Defendant, Progressive Specialty Insurance Company.

    **2.** **Medical treatment absent expert testimony.** Plaintiff objects to this Motion in Limine. A party claiming damages has the burden of establishing by competent evidence the existence of an entitlement to damages and the amount of those damages. *Seagers v. Reaves, 567 So.2d 249 (Ala. 1990).* A Plaintiff can testify to what his injuries are so long as his testimony is based on facts and does not present medical conclusions or opinions that require expert testimony, *Marcus v. Lindsey, 592 So. 2d 1045 (Ala. 1982); Central of Georgia Railway v. Clements, 57 So. 52 (Ala.Civ.App. 1911).*

    A Plaintiff in a personal injury action may testify to physical pain suffered from, and as a result of, his injuries. *Marcus v. Lindsey, supra; Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978).*

    Therefore, the Plaintiff can testify to what her injuries are, her symptoms after the accident, the extent of her injuries, the physical pain and mental anguish suffered by her from and as a result of her injuries.

    Plaintiff intends to call Dr. Patrick G. Ryan with regard to his treatment of the Plaintiff's injuries. Dr. Ryan has testified that his treatment of the Plaintiff [to a reasonable degree of medical certainty] was medically necessary

and specifically that the laminotomy and diskectomy that he performed on Mrs. Calhoun was medically necessary. He also testified that Mrs. Calhoun's hospitalization at Jackson Hospital for the performance of the surgery was medically necessary. He testified that his charges for services were reasonable and similar to charges from other neurosurgeons in the southeastern United States.

Plaintiff expects to call Dr. Douglas Duerson with regard to his treatment of the Plaintiff's injuries. Dr. Duerson testified that his treatment of the Plaintiff [to a reasonable degree of medical certainty] was medically necessary and specifically that the epidural steroid injection that he performed on Mrs. Calhoun was medically necessary. He also testified that Mrs. Calhoun's hospitalization at Flowers Hospital for the performance of the epidural was medically necessary. He testified that his charges for services were reasonable and similar to charges from other anesthesiologists in the southeastern United States. Dr. Ryan is expected to testify that he referred Mrs. Calhoun to Dr. Douglas Duerson and Dr. Jerry Marcella at Southeast Alabama Medical Center and Flowers Hospital for epidural lumbar pain blocks and that such treatment was medically necessary.

    3.    **<u>Medical bills absent expert testimony.</u>**  The parties have stipulated that Lavanda Calhoun had health insurance coverage with Blue Cross

Blue Shield of Alabama at the time of the accident. The parties have further stipulated that Blue Cross Blue Shield of Alabama has satisfied all of the medical bills incurred by Lavanda Calhoun as a result of the accident at issue; and have stipulated that Blue Cross Blue Shield of Alabama seeks reimbursement from damages awarded to Lavanda Calhoun in the amount of $11,849.11 for the satisfaction of her bills. The Plaintiff incurred medical bills of $26,780.15 for treatment of the injuries she sustained in the accident at issue. The medical bills in the amount of $26,750.15 are "all of the medical bills incurred by Lavanda Calhoun" that were satisfied by Blue Cross Blue Shield of Alabama.

The parties have stipulated that Progressive Specialty Insurance Company paid the Plaintiff $2,000.00 medical pay benefits. The Plaintiff testified that this $2,000.00 was used to pay the part of Dr. Wallace Sanders' bill not paid by Blue Cross Blue Shield of Alabama.

The stipulation of the parties that all of the Plaintiff's medical bills were satisfied by Blue Cross Blue Shield of Alabama is interpreted by the Plaintiff to allow the jury to know that the Plaintiff's medical bills were $26,780.15; all of which were satisfied by Blue Cross Blue Shield of Alabama; and that if the Plaintiff prevails, $11,849.11 of any award to the Plaintiff will have to be reimbursed to Blue Cross Blue Shield of Alabama.

4

Otherwise, the stipulation between the parties will be totally confusing to the jury and in contradiction to existing Alabama law.

4.      **Evidence of lost income.**  At the time of the accident at issue and for many years prior to the accident, the Plaintiff was employed by the Houston County Sheriffs Department.  Plaintiff missed four (4) weeks of work while recovering from surgery performed by Dr. Patrick Ryan on her lower back.  She returned to work after this four (4) week period on a part time basis, working half days for two (2) weeks.

At the time that Plaintiff missed the above referenced time from her employment, she had "accumulated sick leave" which covered the time that she was out of work.  As a result, her employer, the Houston County Sheriffs Department, paid her salary.

The general rule in Alabama is that receipt of a salary by an injured employee from his employer precludes recovery of lost wages against a third party.  *Harley-Davidson, Inc. v. Tooney, 521 So.2d 971 (Ala. 1988).*  Therefore, the Plaintiff agrees that she nor her attorney will mention a claim of lost income.  However, the Plaintiff is entitled to inform the jury as to the extent of her recovery time from surgery and that she was unable to work during this time.  See *Marcus v. Lindsey, 592 So.2d 1045 (Ala. 1992).*  See also: *Sanders v. Dunlap Tire*

*Corporation, 706 So.2d 716 (Ala.Civ.App. 1966)* and *Carnival Cruise Lines, Inc. v. Snobby, 457 So.2d 379, 382 (Ala. 1984).*

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the Defendant's Motion in Limine in part and deny the Defendant's Motion in Limine in part in conformance with the foregoing.

/s/ Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 19th day of September, 2006.

Alex L. Holtsford, Jr.
Nix, Holtsford Gilliland,
Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Attorney for Defendant

/s/ Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr.
Attorney for Plaintiff