## IN THE UNTIED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LAVANDA CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:05-cv-921-MEF |
| ) | |
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on September 5, 2006, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

   (a) **For the Plaintiff:**

   Rufus R. Smith, Jr., (SMI060)
   Rufus R. Smith, Jr. & Associates
   Post Office Drawer 6629
   Dothan, Alabama 36302
   (334) 671-7959
   FAX: (334) 671-7957
   rufusrsmith@yahoo.com

   (b) **For the Defendant:**

   Alex L. Holtsford, Jr., (HOL048)
   Nix, Holtsford, Gilliland
   Higgins & Hitson, P.C.
   Post Office Box 4128
   Montgomery, Alabama 36103-4128
   (334) 215-8585
   FAX: (334) 215-7101
   aholtsford@nixholtsford.com

**COUNSEL APPEARING AT PRETRIAL HEARING:** Same as trial counsel.

2. **JURISDICTION AND VENUE:** The Parties stipulate to jurisdiction pursuant to 28 U.S.C. §1332 and the parties further stipulate that venue is proper.

3. **PLEADINGS:** Plaintiff's Complaint and Plaintiff's Motion to Substitute Progressive Specialty Insurance Company for Defendant, Progressive Casualty Insurance Company as the Real Party in Interest.

The Defendant's Answer.

4. **CONTENTIONS OF THE PARTIES:**

(a) **The Plaintiff:** On May 16, 2003, Plaintiff, Lavanda Calhoun, was operating a 2004 Ford Explorer on the Ross Clark Circle at or near the intersection of South Oates Street in Dothan, Houston County, Alabama. The Ross Clark Circle and South Oates Street are public highways in Houston County, Alabama.

At said time and place the Plaintiff, Lavanda Calhoun, was seriously injured when the vehicle she was operating was struck by a vehicle being operated by Matthew Justin Downing, who so negligently operated his vehicle so as to cause or allow it to run into, upon or against the vehicle being operated by the Plaintiff, Lavanda Calhoun, and such negligent conduct of Matthew Justin Downing was a proximate cause of the Plaintiff's injuries and damages hereinafter described.

On May 16, 2003, Matthew Justin Downing was insured with an automobile liability insurance policy issued by Alfa Insurance Company. The sum of the policy

limits of the liability insurance policy issued to Matthew Justin Downing by Alfa Insurance Company was less than the damages which the Plaintiff, Lavanda Calhoun, is legally entitled to recover.

On May 16, 2003, Matthew Justin Downing was operating an uninsured motor vehicle as that term is defined by §32-7-23(b)(4) of the *Code of Alabama (1975)*.

On April 28, 2005, Matthew Justin Downing's automobile liability insurance carrier, Alfa Insurance Company, paid to the Plaintiff the policy limits available under Matthew Justin Downing's automobile liability insurance policy in the amount of $50,000.00.

On May 16, 2003, Plaintiff, Lavanda Calhoun, was insured by automobile liability insurance policies issued by the Defendant, Progressive Casualty Insurance Company. Said policies of insurance provided coverage for uninsured motorist benefits as that term is defined by §32-7-23 of the *Code of Alabama (1975)*. These policies of insurance were in full force and effect at all times alleged in the Plaintiff's Complaint and under the provisions of said policies of liability insurance the Plaintiff, Lavanda Calhoun, was an insured.

Pursuant to §32-7-23 of the *Code of Alabama (1975 as amended)* and the terms of said policies of insurance the Defendant, Progressive Specialty Insurance Company, among other things, agreed to pay all sums not to exceed its policy limits which the insured is legally entitled to recover as damages in any automobile accident caused by the negligence and/or wantonness of the operator of an uninsured motor vehicle.

The Plaintiff, Lavanda Calhoun, accepted Alfa Insurance Company's policy limits pursuant to the terms and provisions set forth in *Lambert v. State Farm Mutual Automobile Insurance Company*, 576 So.2d 160, (Ala.1991).

As a result of the accident at issue, the Plaintiff suffered the following injuries and damages; to-wit:

> Plaintiff, Lavanda Calhoun, suffered pain in her neck, upper back and low back, as well as headaches. Plaintiff suffered an L5-S1 left lateral protruding disc; and was required to undergo an L5-S1 laminotomy and diskectomy. Plaintiff sustained serious and severe injuries to her body. Plaintiff was caused to undergo doctor, chiropractic, hospital and surgical treatment in and about an effort to cure her injuries and damages; and as a result of her injuries will be caused to undergo doctor, hospital and medical treatment in the future. She has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future. She has sustained a 10% permanent disability and impairment to her body as a result of her injuries. She has been disfigured. She has been caused to expend great sums of money for doctor, hospital, chiropractic, drug and physical therapy treatment.

The Plaintiff, Lavanda Calhoun, seeks compensatory damages for the serious and severe injuries that she suffered as a result of the accident at issue; for the 10% permanent impairment to her body as a whole that she suffered as a result of said injuries; for medical bills, past and future [including the amount claimed by BlueCross BlueShield of Alabama by way of subrogation]; for pain and suffering, past and future and for mental anguish, past and future.

**(b)    The Defendant:**

Defendant Progressive Specialty Insurance Company denies the

allegations by Lavanda Calhoun in this case. Specifically, Progressive Specialty Insurance Company has contractual liability to the Plaintiff only if she can prove that her damages proximately caused by the automobile accident at issue exceed the amount of money already received as a result of this accident. Defendant Progressive Specialty Insurance Company believes that Plaintiff has already been compensated for her injuries and damages from the automobile accident at issue, and is not entitled to any further compensation from Progressive Specialty Insurance Company. All of the medical bills for the Plaintiff have been satisfied by payment by Blue Cross and Blue Shield of Alabama. Defendant believes Plaintiff has already received compensation for her injuries.

Furthermore, Progressive Specialty Insurance Company asserts that any liability is restricted and limited by the terms and conditions of any applicable insurance policy. Defendant states that the liability is controlled by all restrictions and limitations upon recovery, including monetary limitations upon recovery in the insurance contract. A post-trial set-off should be ordered by the Court in the amount of $50,000.00 against any damages found in this case. Defendant further adopts the defenses raised in its Answer in this case.

    **5.**     **STIPULATIONS BY AND BETWEEN THE PARTIES:**

        **a.**     **To Be Read To The Jury:**

           1. This case involves an automobile accident which occurred on May 16, 2003, in Dothan, Alabama. Plaintiff Lavanda Calhoun

was driving her automobile at that time on the Ross Clark Circle. While slowing down for traffic, the vehicle operated by Lavanda Calhoun was struck from behind by an automobile driven by Matthew Downing. The parties stipulate that the accident was caused by the negligence of Matthew Downing.

2. Since the time of the accident, Plaintiff, Lavanda Calhoun, has received medical treatment for injuries which she contends to be proximately caused by or aggravated by the automobile accident at issue.

3. As a benefit of being a county employee, Lavanda Calhoun had health insurance coverage with Blue Cross and Blue Shield of Alabama. Blue Cross and Blue Shield of Alabama has satisfied all of the medical bills incurred by Lavanda Calhoun, and seeks reimbursement out of any damages awarded to Lavanda Calhoun in the amount of $11,849.11.

4. Progressive Specialty Insurance Company has paid $2,000.00 of medical pay benefits to Plaintiff Lavanda Calhoun.

5. The lawsuit at issue seeks underinsured motorist benefits from Progressive Specialty Insurance Company. The only dispute in this case is the amount, if any, of uninsured motorist benefits

due to Lavanda Calhoun as a result of the automobile accident at issue.

6. At the time of the accident of May 16, 2003, Lavanda Calhoun, was insured by automobile liability insurance policies issued by the Defendant, Progressive Specialty Insurance Company. These policies of insurance were in full force and effect at the time of the accident of May 16, 2003.

7. On May 16, 2003, Matthew Justin Downing was an uninsured motorist as that term is defined by the *Code of Alabama*.

    b.    **Stipulations Not To Be Submitted To The Jury:**

1. The parties stipulate that the parties are correctly named.

2. The parties stipulate to jurisdiction.

3. The parties stipulate to venue.

4. Plaintiff, Lavanda Calhoun received $50,000.00 from the liability insurance carrier (Alfa) for the tortfeasor. At the conclusion of the trial, the Court will deduct $50,000.00 from any monetary award to Lavanda Calhoun by the jury in this case. The judgment, if any, awarded to Lavanda Calhoun against Progressive Specialty Insurance Company will be the

    amount of damages assessed by the jury, less a $50,000.00 set off to be taken post-trial by the Court in this case, subject also to maximum limits of contractual liability.

5. Progressive Specialty Insurance Company has potential underinsured motorist benefits of $200,000.00 applicable to this claim. Therefore, the maximum judgment against Progressive Specialty Insurance Company, after the $50,000.00 set off, would be $200,000.00. Any judgment against Progressive in excess of that amount is due to be remitted to that amount.

6. The jury will not be informed about the amount of liability insurance proceeds ($50,000.00) already paid to the Plaintiff, and likewise the jury will not be informed about the amount of uninsured motorist insurance policy limits of Progressive Specialty Insurance Company ($200,000.00).

    It is ORDERED that:

(1)    The jury selection and trial of this cause, which is to last one to two (1 to 2) days, are set for October 2, 2006, at 10:00 a.m. at the United States Courthouse in Dothan, Alabama;

(2)    The parties are to file their pre-trial briefs, if any, by September 25, 2006;

(3)    Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4)     All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #7) entered by the court on November 4, 2005;

(5)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this 20th day of September, 2006.

                                              /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE