IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAVANDA CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:05-cv-921-MEF |
| | ) | |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CLOSING JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding

this case.

When I have finished you will go to the jury room and begin your discussions - - what

we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you,

whether you agree with that law or not; and you must not let your decision be influenced in

any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any

way. A corporation and all other persons stand equal before the law and must be dealt with

as equals in a court of justice.

In your deliberations you should consider only the evidence - - that is, the testimony

of the witnesses and the exhibits I have admitted in the record - - but as you consider the

evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified

2

about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden

3

of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

This case is based on a policy of insurance in which the Defendant issued to the Plaintiff a policy of automobile liability insurance which contained a provision affording what is commonly known as underinsured motorist coverage. The Plaintiff's complaint contains the following averments, namely:

1. That the Defendant issued a policy of automobile liability insurance coverage which afforded underinsured motorist coverage and that said policy was in full force and effect on May 16, 2003, the date of the incident.

2. That on said date the Plaintiff was injured by the operation of the motor vehicle operated by Matthew Justin Downing.

3. That Matthew Downing is an uninsured or under-insured motorist as defined under Alabama law.

4. That the Plaintiff is legally entitled to recover damages of Matthew Downing. The term "legally entitled to recover damages of Matthew Downing" means: the Plaintiff must establish fault of Matthew Downing which gives rise to damages and must

4

prove the extent of those damages.

The specific charge of "fault" as alleged by the Plaintiff against Matthew Downing is: he negligently operated his vehicle so as to cause or allow it to run into, upon or against the vehicle being operated by the Plaintiff. Plaintiff contends that this incident was a proximate cause of the injuries she complains of.

It is stipulated and agreed between the parties that the policy was issued and was in force and effect, that Matthew Downing was negligent, and that he was an uninsured or under-insured motorist as defined under Alabama law. The only remaining issue is the amount of damages, if any, proximately caused by the automobile accident at issue and therefore due to the Plaintiff.

In determining the amount of damages to be awarded, if you find in favor of the Plaintiff, you are not to be concerned with the amount of liability insurance carried by Matthew Downing nor the amount of insurance afforded by the Defendant's policy.

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that Plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of Matthew Downing.

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate her for her injury and

other damages which have been inflicted upon her as a proximate result of the wrong complained of.

The Plaintiff claims compensation for the following items or elements of damages:

1.  Medical expenses

2.  Physical pain and suffering

3. Mental anguish

4. Aggravation of pre-existing condition

5. Permanent injuries

The law has no fixed monetary standard to compensate for physical pain and mental anguish. The element of damage is left to your sound judgment and discretion as to what amount would reasonably and fairly compensate the Plaintiff for such physical pain and mental anguish as you find from the evidence the Plaintiff did suffer.

If you are reasonably satisfied from the evidence that the Plaintiff has undergone or will undergo mental anguish as a proximate result of the incident in question, you should award a sum which will reasonably and fairly compensate her for such mental anguish already suffered by her and for any mental anguish which you are reasonably satisfied from the evidence that she is reasonably certain to suffer in the future.

It is for you to determine from the evidence the nature, extent and duration of the Plaintiff's injuries. If you are reasonably satisfied from the evidence that the Plaintiff has suffered permanent injuries, and that such injuries proximately resulted from the wrongs complained of, then you should include in your verdict such sum as you determine to be reasonable compensation for such injuries.

Plaintiff claims that a pre-existing condition was aggravated or made worse by this accident. If you are reasonably satisfied from the evidence that there was such an aggravation, you should determine what portion, if any, of his condition resulted from the aggravation, and you should include in your verdict only what you consider as reasonable compensation for the aggravation.

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiff has paid or become obligated to pay and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

"Mortality tables" are a means of ascertaining the probable number of years a person of a given age and of ordinary health will live; and the mortality table may be used by you as an aid in computing damages if you are reasonably satisfied from the evidence that the injuries sustained by the plaintiff are permanent. Such tables are not binding upon you, and are not conclusive.

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return

7

a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at

8

the time.

DONE this the 11th day of October, 2006.

_____

MARK E. FULLER
CHIEF UNITED STATES DISTRICT JUDGE